

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXX~~
~~WILL WILSON~~XXX
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable H. L. Roberson
County Attorney
Winkler County
Kermit, Texas

Dear Sir:

Opinion No. O-4225

Re: When justices of the peace
act as registrars for the
Board of Vital Statistics and
are compensated on an annual
salary basis, said justices
of the peace are authorized
to collect and retain fees
for acting as registrars for
the Board of Vital Statistics,
in addition to their annual
salaries.

Your letter of November 19, 1941, requesting the
opinion of this department on the question stated therein,
reads in part as follows:

"Under Article 3912e, Sec. (c), Vernon's
Statutes, we find the following:

"In counties where the Commissioners'
Court determine to place the justices
of the peace on a salary basis the
justice of the peace shall receive in
addition thereto all fees, commissions,
or payments for performing marriage
ceremonies and for acting as Registrar
for the Board of Vital Statistics and
when acting as Ex-Officio Notary Public.

"Opinion No. O-419, Attorney General of
Texas, we find the following:

"Where justices of the peace act as local
registrars of vital statistics, and are

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

> compensated for the fiscal year
> on the basis of fees earned by them
> in the performance of their official
> duties, such fees collected as re-
> gistrars of vital statistics under
> Rule 53a, Article 4477, as amended
> by Acts of 1929, 41st Leg., 1st
> C. S. Chapter 4, are to be reported
> and included in the maximum compen-
> sation allowed such officers.

> "In your opinion O-419, you are referring
> to Justices that are compensated on a fee
> basis. In our case the Justices of the Peace
> are compensated on the maximum salary basis
> of $1,400.00 per year.

> "Referring back to Article 3912e, Section
> (c), Vernon's, it is the opinion of this office
> that the Justice can retain his fees collect-
> ed as registrars of vital statistics, over and
> above his $1,400.00 per year salary. What is
> the opinion of your department."

Winkler County has a population of 6,168 inhabitants according to the 1940 Federal Census. You refer to Article 3912e, Section (c), Vernon's Annotated Civil Statutes. Apparently you have reference to paragraph (c) of Section 19 of Article 3912e, Vernon's Annotated Civil Statutes. This provision is only applicable to counties having a population in excess of 190,000 inhabitants according to the last preceding Federal Census. Therefore, this provision of the statute is not applicable to Winkler County as said county does not have a population in excess of 190,000 inhabitants.

Section 2 of Article 3912e, Vernon's Annotated Civil Statutes, is applicable to counties having a population of less than 20,000 inhabitants according to the last preceding Federal Census and reads in part as follows:

> "The Commissioners' Court of each county
> in the State of Texas, at its first regular
> meeting in January of each calendar year, shall,
> by order made and entered in the minutes of
> said court, determine whether precinct officers
> of such county (except public weighers and
> registrars of vital statistics) shall be com-
> pensated on a salary basis as provided for in

Honorable H. L. Roberson, Page 3

this Act; or whether they shall receive as
their compensation, such fees of office as
may be earned by them in the performance of
the duties of their offices, and it shall
be the duty of the county clerk of each
county to forward to the Comptroller of
Public Accounts of the State of Texas on or
before the 31st day of January a certified
copy of such order. . . ."

Section 2a of Article 3912e, supra, provides:

"In all counties of this State contain-
ing a population of less than one hundred and
ninety thousand (190,000) inhabitants, accord-
ing to the last preceding Federal Census,
wherein the precinct officers are compensated
on a salary basis under the provisions of this
Act, such precinct officers shall receive, in
addition to the salary fixed by the Commis-
sioners Court, all fees, commissions, or pay-
ments for performing marriage ceremonies and
for acting as registrar for the Board of
Vital Statistics, and for acting as ex-officio
notary public."

Section 15 of Article 3912e, supra, provides in part:

"The Commissioners' Court in counties hav-
ing a population of less than twenty thousand
(20,000) inhabitants, according to the last pre-
ceding Federal Census at the first regular
meeting in January of each calendar year, may
pass an order providing for compensation of all
county and precinct officers on a salary basis.
. . ."

Section 17(a), Article 3912e, supra, reads in part
as follows:

"The term 'Precinct Officers' as used in
this Act means justices of the peace and con-
stables.

". . .

"(b) In counties where it shall have been
determined that precinct officers shall be com-

pensated on an annual salary basis it shall be the duty of the Commissioners' Court of such county to fix the salary allowed to such officers. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing August 24, 1935. . . ."

Justices of the peace are required to act as registrars for the Board of Vital Statistics, in certain instances, by Article 4477, Vernon's Annotated Civil Statutes, and amendments thereto.

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that where justices of the peace are compensated on an annual salary basis, such justices of the peace are authorized to collect and retain fees for acting as registrars for the Board of Vital Statistics, in addition to their annual salaries, which have been fixed by the Commissioners' Courts in compliance with the above mentioned statutes.

We are enclosing a copy of our opinion No. 0-419 and a copy of an opinion written by Honorable James N. Neff, Assistant Attorney General, addressed to Honorable Tom C. King, State Auditor, concerning the question discussed in opinion No. 0-419, for your information.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED DEC 3, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN